UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PAULA HASHEM                                    ) | |
| 2042 Peach Orchard Drive                        ) | |
| Falls Church, VA 22043                          ) | |
|                                                 ) | |
|       Plaintiff,  ) | |
|                                                 ) | |
| v.                                              ) | Civil Action No. |
|                                                 ) | |
| ETIHAD AIRWAYS, COMPANY                         ) | |
| 901 Fifteenth Street, N.W. , Suite 610          ) | |
| Washington, D. C.  20001,                       ) | |
|                                                 ) | |
| SERVE:                                          ) | |
|    Corporation Service Company   ) | |
|    1090 Vermont Avenue, N.W.     ) | |
|    Washington, D.C. 20005        ) | |
|                                                 ) | |
| Rashed Al Shabi                                 ) | |
| c/o ETIHAD AIRWAYS, COMPANY                     ) | |
| 901 Fifteenth Street, N.W. , Suite 610          ) | |
| Washington, D. C.  20001,                       ) | |
|                                                 ) | |
|       Defendants. ) | **PARTIAL JURY** |
|                                                 ) | **TRIAL REQUESTED** |
| _____)    | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT AND RETALIATION AGAINST PLAINTIFF FOR HER EXERCISE OF HER CIVIL RIGHTS)**

Plaintiff Paula Hashem by her attorneys, John F. Karl, Jr., and Alderman, Devorsetz and Hora, PLLC, sues Etihad Airways ("ETIHAD"), her former employer, and Rashed Al Shabi, her former supervisor, and states:

1. This is an action for Declaratory, Injunctive and Monetary Relief in the work place for actions that were taken against Paula Hashem because she engaged in protected activity such as taking Family and Medical Leave and for complaining about Defendants' creation of a hostile work environment based on plaintiff's age, gender, disability, and family responsibilities and for wrongfully terminating Ms. Hashem's employment.

## I.   PARTIES AND JURISDICTION

2. This Court has jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1330, because defendant Etihad Airlines is majority owned by the Government of the United Arab Ermirates and has waived its sovereign immunity pursuant to 28 U.S.C. §1604 by engaging in commercial activity in the United States. The Court has diversity jurisdiction over Rashed Al Shabi, who is a resident of Abu Dhabi, based on his wrongful actions taken against Ms. Hashem while he was employed in the District of Columbia.

3. This Court has jurisdiction over the defendants pursuant to D.C. Code §13-423 because Etihad is engaged in commercial activities in the United States,

maintains an office in Washington, D.C., and activities by Etihad and Al Shabi that are the subject of this Complaint occurred in the District of Columbia.

4. Plaintiff Hashem is a citizen of the United States, who resides in Virginia, who was employed full-time by Etihad. Ms. Hashem was hired from the local Washington, D.C. labor market by Etihad.

5. Etihad identifies itself as the National Airline of the United Arab Emirates and is believed to be majority owned by the Government of the United Arab Emirates.

6. Defendant Al Shabi was employed by Etihad in its Washington, D.C. office, as Vice President for the Mid Atlantic Region and was at all relevant times the supervisor of Ms. Hashem.

## II.   BACKGROUND FACTS

7. Ms. Hashem is a married 53-year-old woman and has one son. Plaintiff began working for the Etihad more than four years ago and was employed full-time by Etihad until October 2016.

8. At all relevant times, Ms. Hashem was satisfactorily performing the duties and responsibilities assigned to her. Etihad continue to need the services of a skilled employees such as Ms. Hashem to perform the duties she previously performed as Office Coordinator for Etihad.

9. In 2016, Ms. Hashem took leave to which she was entitled under the Family and Medical Leave Act. In 2016, Ms. Hashem had a flexible work arrangement which allowed her to take brief periods of time to attend to her son's medical issues and commence her shift at a later time on those days and still complete a full shift. Ms. Hashem also took eight sick days to received medical attention on her own behalf. Ms. Hashem was entitled to take this leave pursuant to the Family and Medical Leave Act. Ms. Hashem did not exhaust her sick leave, as she had two days of sick leave remaining. Ms. Hashem did not miss any work time attending to her son's medical issues, as she completed full shifts on those days.

10. Ms. Hashem's use of intermittent medical leave is protected under the Family and Medical Leave Act.

11. After his arrival at the Washington, D.C. Office of Etihad Airlines, Defendant Al Shabi revoked Ms. Hashem's flexible work arrangement, which she needed because of her family responsibilities and her need for intermittent family and medical leave. Mr. Al Shabi then began conducting surveillance of Ms. Hashem's work hours; he did not conduct surveillance of other similarly situated employees.

12. Defendant Al Shabi, Ms. Hashem's supervisor, repeatedly criticized, harassed and threatened Ms. Hashem for taking this intermittent family and medical leave. Defendant Al Shabi sought to discourage and interfered with Ms. Hashem's use

of this family and medical leave. Defendant Al Shabi threatened Ms. Hashem, suggesting that her use of family and medical leave would impact her performance appraisal and tried to persuade Ms. Hashem to quit. *See* July 15, 2016 Al Shabi email to Ms. Hashem attached hereto and incorporated herein by reference.

13. Defendant Al Shabi created a hostile work environment, based on Ms. Hashem's gender, age, family responsibilities and disability. Defendant Al Shabi took away Ms. Hashem's sales duties when he became her supervisor.

14. Defendant Al Shabi harassed Ms. Hashem for her use of family and medical leave, *see* July 15, 2016 email, attached hereto and incorporated herein, and thereby treated Ms. Hashem differently than a younger employee, who was allowed a flexible schedule and to use vacation time for physical therapy.

15. Defendant Al Shabi refused to include Ms. Hashem in regularly scheduled office meetings even though her job duties required her to be present for such meetings. Defendant Al Shabi also refused to have "one-on-one" meetings with Ms. Hashem, even though he had such meeting with other employees in the office. Defendant Al Shabi also excluded Ms. Hashem from work-related social events and opportunities to work overtime, even though men and younger women in the office enjoyed such invitations and opportunities. Defendant Al Shabi also denied Ms. Hashem's request for additional training that would have made her an even more

valuable employee, even though men and younger women in the office received such training.

16.   Mr. Al Shabi lowered Ms. Hashem's performance evaluation for unlawful and discriminatory reasons and the evaluations Mr. Al Shabi gave to Ms. Hashem do not accurately reflect her performance or her contribution to Etihad.

17.   On or about July 16, 2016, Ms. Hashem filed an internal grievance with Etihad. While Ms. Hashem's grievance was pending, Etihad terminated Ms. Hashem's employment by abolishing her position.

18.   The alleged reduction in force was a pretextual cover for retaliation against Ms. Hashem, notwithstanding Etihad's claimed policy against retaliation. Etihad abolished Ms. Hashem's position in retaliation for her exercise of her rights under the Family and Medical Leave Act, for complaining about the hostile work environment created by Defendant Al Shabi, for engaging in the grievance process, and for exercising her rights under the District of Columbia Human Rights Act. There was no legitimate business reason for selecting Ms. Hashem for termination in view of her abilities and the high level of her job performance.

19.   Etihad's investigation of Ms. Hashem's grievance "found that some of the communications (both written and verbal) exchanged by your manager, Rashed Al Shabi, with you were inappropriate in both content and tone." Etihad's Director of

Sales, Eastern USA, stated that: "We have addressed these issues with Rashed and taken appropriate action." Notwithstanding the conciliatory tone of this letter, Etihad nevertheless terminated Ms. Hashem's employment, effective October 22, 2016.

## COUNT I
### (WRONGFUL TERMINATION AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)

20.  Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs one through nineteen above.

21.  Etihad violated the Family and Medical Leave Act by firing Ms. Hashem despite her satisfactory job performance, and because she exercised her rights under the FMLA.

22.  As a direct and proximate result of the Etihad's actions, Ms. Hashem suffered lost income and benefits, including reimbursement for unpaid medical bills, and incurred attorney's fees and other costs in vindicating her rights in the face of defendant's unlawful actions.

## COUNT II
### (WRONGFUL INTERFERENCE WITH PLAINTIFF'S EXERCISE OF HER RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT)

23.  Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs one through twenty-two above.

24.  Defendant Al Shabi, acting on behalf of Etihad Airlines, harassed Ms.

Hashem and wrongfully interfered with Ms. Hashem's right to take leave under the Family and Medical Leave Act. Defendant Al Shabi threatened to lower Ms. Hashem's performance evaluations in order to force her to resign because she took family and medical leave.

25. As a direct and proximate result of the Etihad's actions, Ms. Hashem suffered lost income and benefits, including reimbursement for unpaid medical bills, and incurred attorney's fees and other costs in vindicating her rights in the face of defendant's unlawful actions.

### COUNT III
### (CREATION OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

26. Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs one through twenty-five above.

27. In addition to wrongfully interfering with Ms. Hashem's rights under the Family and Medical Leave Act, Defendant Al Shabi created a hostile work environment based on Ms. Hashem's age, gender, disability, and family responsibilities when he took away her sales duties when he became her supervisor and revoked her flexi-time. Defendant Al Shabi harassed Ms. Hashem for her use of family and medical leave, *see* July 15, 2016 email, attached hereto and incorporated herein, and thereby treated Ms. Hashem differently than a younger employee with no

family responsibilities, who was allowed to use vacation time for physical therapy. Defendant Al Shabi would not allow Ms. Hashem to use her vacation time to meet her personal and family needs.

28. As a direct and proximate result of the Etihad's actions, Ms. Hashem suffered lost income and benefits, including reimbursement for unpaid medical bills emotional distress, embarrassment, anxiety, fatigue, humiliation, illness and damage to her employment and personal reputation and incurred attorney's fees and other costs in vindicating her rights in the face of Defendants' unlawful actions.

### COUNT IV
### (WRONGFUL RETALIATORY TERMINATION OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

29. Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs one through twenty-eight above.

30. Etihad terminated Ms. Hashem's employment because she engaged in activity protected under the District of Columbia Human Rights Act when she complained about Defendant Al Shabi's actions against her

31. As a direct and proximate result of the Etihad's actions, Ms. Hashem suffered lost income and benefits, including reimbursement for unpaid medical bills, emotional distress, embarrassment, anxiety, fatigue, humiliation, illness and damage to her employment and personal reputation and incurred attorney's fees and other costs

associated with vindicating her rights in the face of Defendants' unlawful actions.

## COUNT V
## (BREACH OF CONTRACT)

32. Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs one through thirty-one above.

33. Etihad promised Ms. Hashem that she would not suffer retaliation if she pursued her grievance through Etihad's grievance process. Etihad breached its agreement with Ms. Hashem by terminating her employment while her grievance was still pending.

34. As a direct and proximate result of the Etihad's actions, Ms. Hashem suffered lost income and benefits, including reimbursement for unpaid medical bills and incurred attorney's fees and other costs in vindicating her rights in the face of defendant's unlawful actions.

WHEREFORE, plaintiff seeks declaratory and injunctive relief against defendant and a ruling that Etihad violated the Family and Medical Leave Act, the District of Columbia Human Rights Act, and Ms. Hashem's contract rights by terminating Ms. Hashem's employment while her grievance was pending.

Plaintiff also seeks reinstatement, back pay, front pay, step increases, merit increases, bonuses, enhanced pension, and fringe benefits associated with the

reinstatement, including reimbursement for unpaid medical bills from the effective date of Ms. Hashem's termination to the expected date of Ms. Hashem's retirement at age 70.

Alternatively, plaintiff seeks front pay, step increases, merit increases, bonuses, enhanced pension and fringe benefits, including reimbursement for unpaid medical bills, to which she would be entitled it she were reinstated from the effective date of Ms. Hashem's termination to the expected date of Ms. Hashem's retirement at age 70.

Ms. Hashem also seeks compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $1,000,000.00.

Ms. Hashem seeks prejudgment interest and reasonable attorney's fees and costs.

Plaintiff further requests the Court grant such other and further relief as the Court deems appropriate, proper and just.

Respectfully submitted,

/S/ John F. Karl, Jr.
John F. Karl, Jr. #292458
Alderman, Devorsetz & Hora, PLLC
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
202.293.3200
202.969-8224 (fax)
Counsel for Plaintiff
jfklaw@igc.org

## JURY DEMAND

Plaintiff demands a trial by jury for her claims against Defendant Al Shabi, but acknowledges she is not entitled to a jury trial against Etihad Airlines under the Foreign Sovereign Immunities Act.

/S/ John F. Karl, Jr.
John F. Karl, Jr.