**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PAULA HASHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1645 (ABJ) |
| | ) | |
| RASHED AL SHABI | ) | |
| *c/o Etihad Airways, Company*, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Paula Hashem brought this action against Etihad Airways ("Etihad"), her former employer, and Rashed Al Shabi ("Al Shabi"), her former supervisor, on August 14, 2017.  Compl. [Dkt. # 1].  She alleges that she was wrongfully terminated and retaliated against in violation of the Family and Medical Leave Act ("FMLA") and the District of Columbia Human Rights Act ("DCHRA"); that defendants wrongfully interfered with the exercise of her FMLA rights; and that they created a hostile work environment in violation of the DCHRA.  *See* Compl. ¶¶ 20–31. Plaintiff also brought a breach of contract claim against defendant Etihad.  *Id.* ¶¶ 32–34.

Pending before the Court is defendant Al Shabi's motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  Def. Rashed Al Shabi's Mot. to Dismiss for Insufficient Service of Process [Dkt. # 13] ("Def.'s Mot."); Def. Rashed Al Shabi's Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 14] ("Def.'s Mem.") at 2.  Defendant currently lives in the United Arab Emirates ("UAE"), and he argues that the case against him should be dismissed because plaintiff cannot prove that the manner in which he was served is "not prohibited by the law" of the UAE.  Def.'s Mem. at 1, 3; Fed. R. Civ. P. 4(f)(2)(C).

Plaintiff opposed the motion on January 26, 2018, and she also asked the Court to permit her to effect service on defendant through his counsel of record, who is located in the United States. *See* Pl.'s Opp. to Def.'s Mot. [Dkt. # 16] ("Pl.'s Opp.") at 1.  Defendant filed a reply on February 2, 2018.  Def. Rashed Al Shabi's Reply in Supp. of Def.'s Mot. & Opp. to Pl.'s Mot. for Alternative Service [Dkt. # 18].

For the reasons that follow, the Court will deny defendant's motion, and it will order plaintiff to serve defendant Al Shabi through his counsel located in the United States pursuant to Federal Rule of Civil Procedure 4(f)(3).

## BACKGROUND

Plaintiff alleges that she was employed by defendant Etihad in its Washington, D.C. office until she was wrongfully terminated on October 22, 2016.  Compl. ¶¶ 4, 19.  Defendant Al Shabi was plaintiff's supervisor.  *Id.* ¶ 12.  Plaintiff served defendant Etihad through its counsel,[1] and Etihad filed an Answer to the Complaint on September 8, 2017.  Answer of Etihad Airways [Dkt. # 3].

On October 27, 2017, plaintiff filed a motion asking the Court to be able to serve defendant Al Shabi by international certified mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). *See* Pl.'s Mot. for Service [Dkt. # 5].  Defendant Etihad did not consent to the motion "to avoid representing, even by inference, that a motion [for service] is required, or that plaintiff's proposed means of service is permitted or effective under the Federal Rules of Civil Procedure, the laws of the UAE, or any other applicable international treaty or law."  Def. Etihad's Resp. to Pl.'s Mot. for Service [Dkt. # 6].

---

1      The Court notes that although a summons issued as to defendant Etihad, *see* Dkt. # 2, no proof of service has been filed.

In a Minute Order on November 3, 2017, the Court granted plaintiff's motion in part and denied it in part. Min. Order (Nov. 3, 2017). The Court stated that plaintiff may "serve defendant Rasheed [*sic*] Al Shabi by 'using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt'" pursuant to Rule 4(f)(2)(C)(ii). *Id.* It further instructed plaintiff that if she chose "to proceed in this fashion, [s]he must follow the proper procedure," outlined on the Court's website, which included "docketing an affidavit requesting foreign mailing." *Id.*

Plaintiff followed the steps outlined by the Court, and she filed an affidavit requesting foreign mailing with the Clerk of Court on November 13, 2017. *See* Am. Aff. Requesting Foreign Mailing [Dkt. # 9]. She sought to serve defendant at his place of business, Etihad Airways, located in the UAE. *Id.* Further, in the affidavit, plaintiff's attorney averred that he "contacted the Overseas Citizens Services, U.S. Department of State and they were unable to verify that this method of service is authorized by the domestic law of the United Arab Emirates." *Id.* On November 28, 2017, the Clerk of Court issued a Certificate of Mailing, indicating that it had mailed a copy of the summons and complaint to defendant Al Shabi at the address plaintiff provided in Abu Dhabi, United Arab Emirates. *See* Certificate of Mailing [Dkt. # 10]; Receipt for Registered Mail [Dkt. # 10-1].[2]

While counsel has entered an appearance in this matter on behalf of defendant Al Shabi, *see* Dkt. # 12, and defendant Al Shabi admits that the summons and complaint ultimately made their way to his desk on or about December 10, 2017 through Etihad's internal mail distribution

---

[2] While the parties seem to use the terms "registered mail" and "certified mail" interchangeably, the Clerk of Court sent a copy of the summons and complaint "by registered mail, return receipt requested." *See* Certificate of Mailing [Dkt. # 10].

system, he has moved to dismiss the case for insufficient service of process. *See* Def.'s Mem. at 1–2.

**STANDARD OF REVIEW**

When sufficiency of service is challenged, the plaintiff bears the burden of demonstrating "that the procedure employed to deliver the papers satisfies the requirements of the relevant portions of Rule 4." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012), quoting 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1803 (3d ed. 2002 & Supp. 2012); *see also Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged.") (citation omitted). This is so even if the defendant has actual notice of the lawsuit, because notice cannot cure an otherwise defective service. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons."); *see also Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 81 (D.C. Cir. 2014) (rejecting plaintiff's argument that service was proper because defendant "gained actual notice of the action, as evidenced by [its] participation in the litigation") (citation omitted).

Federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of service of process are satisfied. *Omni Capital*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002). "Service is therefore not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's

4

assertion of jurisdiction over the lawsuit.'" *Mann*, 681 F.3d at 372, quoting *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

If plaintiff does not meet her burden, the Court may dismiss the complaint without prejudice for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (recognizing that the district court had the authority to dismiss certain claims without prejudice due to insufficiency of service of process).

## ANALYSIS

### I.    Plaintiff has failed to prove that service pursuant to Federal Rule 4(f)(2)(C)(ii) was proper.

Rule 4 of the Federal Rules of Civil Procedure sets forth the various methods by which a summons and complaint may be served on a defendant in federal court proceedings. *See* Fed. R. Civ. P. 4.  Rule 4(f) specifically addresses service upon individuals in a foreign country, such as defendant Al Shabi.

An individual may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Plaintiff attempted to serve defendant Al Shabi by mail under Rule 4(f)(2)(C)(ii).[3] Therefore, she has the burden of demonstrating that the procedure she used satisfied the rule, which includes proving that the method of service is not "prohibited by the foreign country's law." *See* Fed. R. Civ. P. 4(f)(2)(C).

Plaintiff argues that she has "met her burden to serve [d]efendant Al Shabi via certified mail by docketing the Affidavit Requesting Foreign Mailing and having the clerk approve and send off the Summons and Complaint to [d]efendant Al Shabi and filing herewith the certified mail card confirming [d]efendant's receipt of Summons and Complaint." Pl.'s Opp. at 4. While she may have complied with the mailing procedure outlined in the federal rule, plaintiff has not offered the Court any evidence to establish that service in this manner is not prohibited by UAE law. Although she asserts that "countries like the Emirates . . . have no express prohibition on their citizens being served with process from foreign courts by certified mail," *id.* at 1, she does nothing to prove that conclusory proposition.

"In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of

---

3       Both parties agree that service under Federal Rule of Civil Procedure 4(f)(1) is not permitted because there is no "internationally agreed means of service" between the United States and the United Arab Emirates. *See* Def.'s Mem. at 1 (stating that "the UAE is not a party to the Hague Convention or any other applicable treaty"); Pl.'s Opp. at 2 (agreeing with defendant). Thus, service under Rule 4(f)(2) or (f)(3) are the only options for effecting service on defendant Al Shabi.

Evidence." Fed. R. Civ. P. 44.1. In support of his motion to dismiss, defendant submitted the declaration of Ali Al Hashimi, a lawyer in the UAE. *See* Ex. A to Def.'s Mem. [Dkt. # 14-1] ("Al Hashimi Decl."). Al Hashimi's declaration includes his opinion as to whether service of process by registered mail is effective under UAE law. *Id.* ¶ 8. He describes how a party would effectuate service for a proceeding pending in the UAE, and he states that the UAE Civil Procedures Code has "specific provisions dealing with service of local proceedings abroad," but it "does not explicitly address service of foreign proceedings into the UAE." *Id.* ¶¶ 10–11, 14. Al Hashimi concludes that because service of UAE proceedings abroad must proceed "through diplomatic channels," the service in this case should have been completed in that manner as well. *Id.* ¶¶ 14–16.

The Court is not at all certain that Al Hashimi's ultimate conclusion has been substantiated, but it does not matter since the Court need not determine what manner of service should have been employed. Plaintiff argues that Al Hashimi's declaration actually supports her position since he acknowledges that the UAE code does not expressly address the type of service at issue in this case. Pl.'s Opp. at 9. She maintains that "[d]efendant's motion must fail because [d]efendant Al Shabi has not and cannot demonstrate that service via registered mail is explicitly prohibited in the UAE." *Id.* at 8. While the Court agrees with plaintiff's assessment of the gaps in the lawyer's declaration, it is plaintiff who bears the burden of establishing that service in that manner is *not* prohibited by foreign law. *See Light*, 816 F.2d at 751.

The only substantive evidence before the Court is Al Hashimi's affidavit, which was provided by defendant. But the declaration purports to answer a different question from the one posed by Rule 4(f)(2)(C). The lawyer sets out what is prescribed by law for service in the UAE – which would supply a basis for service under Rule 4(f)(2)(A) – and he opines that service

by registered mail "would be considered ineffective under UAE law." *See* Hashimi Decl. at 4.  At best for plaintiff, the declaration fails to state definitively that use of registered mail under these circumstances is *prohibited*, but that is not enough to satisfy plaintiff's burden of proof when she introduced no evidence tending to show that service by registered mail is *not* prohibited.[4] Therefore, the Court concludes that plaintiff has failed to prove that she properly served defendant pursuant to Rule 4(f)(2)(C)(ii).

## II.    Plaintiff may serve defendant's counsel of record pursuant to Federal Rule 4(f)(3).

Because the Court deems plaintiff's service on defendant Al Shabi insufficient under Rule 4(f)(2)(C)(ii), the Court turns to plaintiff's request for the Court to order alternative service on defendant Al Shabi pursuant to Rule 4(f)(3).[5]  Specifically, plaintiff asks that the Court order

---

4       The only evidence plaintiff provides to the Court is a statement by her counsel in the Affidavit Requesting Foreign Mailing, which states that her counsel "contacted the Overseas Citizens Service, U.S. Department of State and they were unable to verify that this method of service is authorized by the domestic law of the United Arab Emirates."  Aff. Requesting Foreign Mailing [Dkt. # 9]; *see also* Pl.'s Sur-Reply in Supp. of Pl.'s Opp. [Dkt. # 23] at 2–3 (admitting that she cannot demonstrate whether service by certified mail is authorized by UAE law).  But this statement relates to the Rule 4(f)(2)(A) concern of what service may be "prescribed" by law for service in the UAE, not whether the service was "prohibited" by UAE law under Rule 4(f)(2)(C).

5       Under Rule 4(f)(3) a plaintiff "must affirmatively seek and obtain the district court's authorization for a particular means of service." *Freedom Watch, Inc.*, 766 F.3d at 80.  "Generally, under the Federal Rules of Civil Procedure and the applicable local rules, a party seeking a district court order would file a motion and include a proposed order apprising the court of its request and specifying the relief sought." *Id.* at 81.  Here, however, plaintiff requested the Court to authorize alternative means of service – namely, to serve defendant through his counsel of record located in the United States – in her opposition to defendant's motion to dismiss. *See* Pl.'s Opp. at 10.  But, defendant did not lodge a procedural objection, and he addressed the merits of plaintiff's request and even referred to it as a "motion for alternative service." *See generally* Def.'s Reply.  Therefore, the Court will construe plaintiff's request as a motion for alternative service and resolve it on the merits. *See Freedom Watch, Inc.*, 766 F.3d at 81–82 (addressing the merits of plaintiff's request for authorization of alternative means of service even though plaintiff did not file a proper motion and proposed order).

service through defendant's counsel of record located in the United States.  *See* Pl.'s Opp. at 10–11.

Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  The rule was adopted "to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries."  *Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 166 (D.D.C. 2010) (internal edits and citation omitted).  "A number of courts . . . have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf."  *Freedom Watch, Inc.*, 766 F.3d at 83 (concluding that, "as a prospective matter, the district court presumably could have elected to grant [plaintiff's] Rule 4(f)(3) request by ordering service on White & Case [in the U.S.] within a specified time period and requiring proof of that subsequent service"); *see also Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14–15 (D.D.C. 2016) (holding that "permitting service of a foreign individual or corporation through retained United States counsel does not run afoul of the rule's application to individuals and corporations, located in foreign countries, where service will be completed").

Defendant argues that plaintiff's request should be denied because service under Rule 4(f)(3) must occur outside the United States.  Def.'s Reply at 5–6.  For support, he relies on *Freedom Watch, Inc. v. OPEC*, 107 F. Supp. 3d 134 (D.D.C. 2015), in which another judge in this district declined to authorize service on a foreign organization through its United States counsel partly because Rule 4(h)(2), which incorporates Rule 4(f), "provides no authorization for service occurring within the United States."  *Id.* at 137.  However, in making its decision, the court relied upon the text of Rule 4(h), which dictates that a foreign entity "*must* be served . . . at a place not

within any judicial district of the United States." *Id.*, quoting Fed. R. Civ. P. 4(h). In comparison, the language of Rule 4(f), which applies to foreign *individuals*, only instructs that a defendant "*may* be served at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(f) (emphasis added); *see also Bazarian*, 168 F. Supp. 3d at 13–14 (recognizing that "an individual 'may' and a corporation 'must' be served at a place not within any judicial district o[f] the United States," and holding that service, even on a foreign corporation, through U.S. counsel is authorized under Rule 4(f)(3)). So defendant's reliance on this case is unpersuasive.

Moreover, the D.C. Circuit has observed that "when a court orders service on a foreign entity through its counsel in the United States [under Rule 4(f)(3)], the attorney functions as a mechanism to transmit the service to its intended recipient abroad." *Freedom Watch, Inc.*, 766 F.3d at 84; *see also Bazarian*, 168 F. Supp. 3d at 14 ("[T]he D.C. Circuit viewed service on the domestic counsel as a means to 'transmit the service,' which service would be completed abroad upon transmittal to the intended party subject to the suit."). Thus, permitting service on a foreign individual through retained United States counsel does not contravene the language or purpose of Rule 4 as it applies to individuals located in foreign countries, where service will be completed.

Defendant also argues that plaintiff's motion for alternative service should be denied because the proposed form of service does not minimize offense to UAE law. *See* Def.'s Reply at 6. The Advisory Committee notes to Rule 4(f)(2) state that "[s]ervice by methods that would violate foreign law is not generally authorized," while the notes to Rule 4(f)(3) state only that "an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." *See* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Thus, the D.C. Circuit has made it clear that "the district court retains

10

discretion under Rule 4(f)(3) to authorize service even if the alternative means would contravene foreign law." *Freedom Watch, Inc.*, 766 F.3d at 84.

Here, though, there is nothing to suggest that service through defendant's retained United States counsel would be offensive to UAE law. Service of process under Rule 4(f)(3), as long as court-directed and not prohibited by an international agreement, may be ordered at the district court's discretion. *Freedom Watch, Inc.*, 766 F.3d at 84. And plaintiff maintains, and defendant does not dispute, that "there is no international agreement prohibiting service through foreign counsel." Pl.'s Opp. at 10; *see* Def.'s Reply at 5–7; *see also* Def.'s Mem. at 1; Pl.'s Opp. at 2 (agreeing that there is no "internationally agreed means of service" between the United States and the United Arab Emirates).

While defendant Al Shabi has actual notice of this lawsuit and is in communication with his attorney, the procedural requirements of effective service of process must be carried out before the Court can exercise personal jurisdiction over him. *See Mann*, 681 F.3d at 372. Service through defendant's counsel in the United States provides a sufficient means to carry out service of process under Rule 4 to commence the lawsuit, and it also satisfies the constitutional standards of due process because it is "reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

### CONCLUSION

For the reasons set forth above, the Court concludes that plaintiff has not met her burden to prove that she has properly served defendant Al Shabi under Federal Rule of Civil Procedure 4(f)(2)(C)(ii). However, the Court will grant plaintiff's request for alternative service under Rule 4(f)(3).

Therefore, defendant's Motion to Dismiss [Dkt. # 13] is **DENIED**, and plaintiff's Motion for Service [Dkt. # 17] is **GRANTED**.  Pursuant to the Court's discretion, it is hereby

**ORDERED** that plaintiff must effect service of the Complaint and Summons in this matter on defendant Al Shabi's counsel of record, Charles B. Wayne, of the law firm DLA Piper LLP, and file proof of service with the Court by May 28, 2018.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 26, 2018